*E-filed 11/15/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MAI THI VU,

        Plaintiff,

  v.

GILLMORE CLARK, COUNTY OF SANTA
CLARA, ED FLORES, DOES 1-50.
        Defendants.

_____/

Case No. C05-02605 RMW (HRL)

**ORDER ON PLAINTIFF'S MOTION TO
COMPEL DISCOVERY**

**[Re: Docket No. 60]**

## I.  BACKGROUND

Plaintiff Mai Thi Vu brings this 42 U.S.C. § 1983 action against defendants Leonard
Clark, Santa Clara County, and Ed Flores (Director of the Jail).  Allegedly, while she was
incarcerated at the Santa Clara County women's detention facility, defendant Clark sexually
assaulted her.  A trustee reported the incidents to a commanding officer and Internal Affairs
(IA) began an investigation.  Vu also claims that the Department of Correction (DOC) allowed
Clark to enter plaintiff's cell in order to threaten plaintiff and destroy evidence linking him to
his felony.  As a result of the incident, plaintiff alleges that she has suffered pain and physical
injuries, along with severe emotional and mental distress.

/

/

/

United States District Court

For the Northern District of California

1    Plaintiff moves to compel production of certain documents responsive to Document

2    Requests Nos. 1, 2, 3, 4, 5, 6, 8, 9, 12, 15, and 26.  Defendants object to such production on

3    grounds of official information privilege, right to privacy, and California law.[1]

4                              **II.  LEGAL STANDARD**

5    For official information privilege, this court uses the five prong standard laid out in

6    Kelly v. City of San Jose, 114 F.R.D. 653 (N.D. Cal. 1987).  A party seeking non-disclosure

7    must submit an affidavit from an official in the affected agency including the following:

8        1.    An affirmation that the agency generated or collected the material in issue and

9              has in fact maintained its confidentiality;

10       2.    A statement that the official has personally reviewed the material in question;

11       3.    A specific identification of the governmental or privacy interests that would be

12             threatened by disclosure of the material to plaintiff and/or his lawyer;

13       4.    A description of how disclosure subject to a carefully crafted protective order

14             would create a substantial risk of harm to significant governmental or privacy

15             interests;

16       5.    And a projection of how much harm would be done to the threatened interests if

17             the disclosure were made.

18   Kelly, 114 F.R.D. at 670.  If the defendant's submissions are sufficient, the court will order an

19   in camera review and offer defendant the opportunity to submit a brief and additional

20   supporting material.  If the defendant's submissions are not sufficient, then the court will order

21   disclosure of the documents.  Kelly, 114 F.R.D. at 671.

22       Kelly and Soto v. City of Concord, 162 F.R.D. 603 (N.D. Cal. 1995) recognize a right of

23   privacy respecting confidential law enforcement records.  Courts must do a "case by case

24   balancing analysis, in which the interests of the party seeking discovery are weighed against the

25

26       [1] The California Penal Code requires law enforcement agencies to investigate
     complaints against officers and retain these confidential records as part of the officer's
     personnel records.  See Cal. Pen. Code § 832.5, 832.7. Absent a court order, government
27   employers may face criminal penalties for disclosing records.  Cal. Pen. Code § 832.7.  A
     federal court order will protect the County from any criminal penalties associated with
28   releasing personnel files.  Therefore, this Court does not apply California law to the instant
     motion.

interest of the governmental entity asserting the privilege." <u>Kelly</u>, 114 F.R.D. at 661.  If an individual's privacy is at stake, courts balance "the need for the information sought against the privacy right asserted."  <u>Soto</u>, 162 F.R.D. at 616.  However, "a carefully drafted protective order could minimize the impact" of disclosure.  <u>Id</u>.

### III.  DISCUSSION

1.    *Parties' Agreements*

By the time of the hearing on the motion, the parties agreed that the County will produce the following documents subject to a protective order:

1.    Recorded Statements of Plaintiff taken as part of the ongoing DOC Internal Affairs Investigation (Request No. 1);

2.    Recorded Statement of Selena Roberts taken on September 9, 2005 as part of the DOC Internal Affairs Investigation (Request No. 2);

3.    Recorded Statement of Defendant Leonard Clark taken on April 27, 2006, during, and as part of, the ongoing DOC Internal Affairs Investigation (Request No. 3);

4.    DOC Restricted Policy 9.39 - addressing inmate supervision (Request Nos. 8, 9); and

5.    DOC Officer Leonard Clark Training File (Request No. 12).

The parties also agreed that the County will produce the following documents subject to a "super-protective" order which will specify that only attorneys and experts and not the plaintiff will be able to review the documents or learn their contents:

1.    DOC Restricted Policy 9.01 - addressing use of force & restraints; and

2.    DOC Restricted Policy 9.05 - addressing searches of inmate living quarters (Request Nos. 8, 9).

2.    *DOC Internal Affairs (IA) Investigation File related to the Alleged Incident (Request Nos. 4, 5)*

The County asserts the official information privilege.  Plaintiff concedes that the first two <u>Kelly</u> requirements have been met.  But the County's arguments that the other requirements

3

have been met are underwhelming and without support.  In an affidavit, DOC Lieutenant John

Jillo states that disclosure of the IA file would cause a severe risk to the order, safety, and

security of the DOC staff, its inmates, and the facility.  As a result of disclosure, inmates would

be able to manipulate the IA system and DOC officers will be discouraged to come forward.

This argument is insufficient.  There is no support for an argument that disclosure would lead to

a breakdown of the IA investigation system and in the past, courts have struck down such

reasoning.  See Kelly, 114 F.R.D. at 672 and Soto, 162 F.R.D. at 613-14.

At the hearing, the Court ordered the County to submit the IA file for *in camera* review

with proposed redactions.  The County submitted and the court reviewed documents VU00628

through 01234.  Keeping in mind issues of privacy, the Court agrees with some of the County's

proposals but rejects others.

a. VU00887 - 01021

The County wishes to redact VU00887 - 01021 in their entirety, except for the heading

"Elmwood Complex."  Insofar as the information pertains to the facility where plaintiff was

housed, the Court will not allow redaction.  However, the County may redact information

pertaining to facilities where plaintiff was not housed (i.e., the men's facility).

b. VU01022 - 01050

The County wishes to redact these documents in their entirety because they set forth

confidential payroll information respecting Clark and other officers.  Because of the officers'

privacy interests, the Court allows this redaction.

c. VU01065 - 01108 and VU01194 - 01234

The County requests redaction of confidential DOC Classification information setting

forth the manner and method by which the DOC evaluates inmate risk factors, including coding

terminology and risk criteria.  The County does not carry its burden under Kelly.  Moreover, the

County's proposed redactions present problems.  For example, the County wishes to redact risk

criteria used in plaintiff's evaluations.  Plaintiff is seeking discovery in order to learn why she

was housed a certain way.  If the County redacts the criteria, plaintiff receives little benefit from

the document.  Therefore, the Court orders full disclosure of these documents.

United States District Court

For the Northern District of California

4

d. <u>VU01109 - 01135</u>

The County wishes to redact the names of uninvolved inmates from the documents pertaining to Clark's day-to-day accessing of the CJIC computer system.  The Court agrees with this redaction.

To summarize, the Court orders the County to produce the IA file subject to a "super-protective" order.  Before disclosure, the County may redact staffing information that does not pertain to the facility where plaintiff was housed (in VU00887 - 01021), confidential payroll information (in VU01022 - 01050), and names of uninvolved inmates in documents pertaining to Clark's day-to-day accessing of the CJIC computer system (VU01109 - 01135).

3.      *DOC Classification File respecting Plaintiff (Request Nos. 5, 6, and 15)*

The County objects to disclosure of the classification file based on the official information privilege and right to privacy.  The classification file contains information pertaining to the inmate's length and nature of confinement, criminal and medical history, and housing and classification.  More specifically, the classification file records how the DOC makes security and housing assignments.

The County submitted the affidavit of DOC Lieutenant Troy Beliveau in support of its official information assertion.  Plaintiff concedes that the first two requirements of the <u>Kelly</u> test have been met but argues that the affidavit does not fulfill the third, fourth, and fifth requirements.  The County fears that disclosure of the file would lead to a breakdown of DOC's Classification System because inmates would be able to manipulate the system, thus putting DOC staff and inmates in danger.  Further, the County argues that a protective order would be difficult to enforce and disclosure to plaintiff would be tantamount to disclosure to the entire jail population.  The Court understands the County's fear of inmate manipulation but fails to see how a "super-protective" order would jeopardize the DOC.  There is no evidence that disclosing the file to the plaintiff's lawyer would entail disclosure to the entire jail population.  At the hearing, the Court ordered the County to submit the document with proposed redactions for *in camera* review.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Defendant submitted and the Court reviewed documents VU01235 through 01338.

2    Having reviewed the documents, the Court orders disclosure of the Classification File subject to

3    a "super-protective" order with no redactions.

4    4.    *DOC Officer Leonard Clark's Personnel File (Request No. 12)*

5    At oral argument, the Court clarified with the parties which part of the personnel file

6    plaintiff is seeking.  The Court determined that plaintiff is not seeking the entire file, as

7    defendants thought.  Plaintiff seeks discovery of personnel evaluations, disciplinary records,

8    and disciplinary decisions.  At the hearing, the Court ordered the County to produce the

9    responsive portions of the personnel file (personnel evaluations, disciplinary records, and

10   disciplinary decisions) subject to a protective order.

11   In the letter accompanying its submission of documents for *in camera* review, the

12   County stated a willingness to produce unredacted documents subject to a "super-protective"

13   order.  The Court sees no reason for the documents to be produced subject to a "super-

14   protective" order and rejects the suggestion.

15   5.    *County Documents, including those generated and maintained by the DOC Internal*

16        *Affairs Division, respecting separate IA investigations of DOC Officer "SS" and Officer*

17        *"TE" as referenced in the County's Response to Request No. 26*

18   The Court ordered the documents in question to be submitted for *in camera* review.  The

19   County submitted documents VU01339 through 01162 with proposed redactions.  The County

20   wishes to redact the names of involved persons, information that may identify involved persons,

21   and confidential documents regarding DOC Control Logs and staffing. Plaintiff especially seeks

22   disclosure of the names of involved persons in order to contact them to inquire into the

23   thoroughness of the investigation.

24   After reviewing the documents and in consideration of the privacy of third parties, the

25   Court approves the redaction of inmate and officer witness names.  Redaction shall be limited to

26   names and may not include behavioral characteristics (see VU01350).

27   The Court does not approve the redaction of names of the investigating officers.  See

28   Dykes v. Morris, 85 F.R.D. 373, 377 (N.D. Ill. 1980) (holding that the names of inmates and

United States District Court

For the Northern District of California

1   other identifying information in internal affairs files could be redacted, but DOC officials could

2   not maintain anonymity); Soto, 162 F.R.D. at 616 (suggesting that internal investigation files

3   are not protected by right of privacy when documents "related simply to the officers' work as

4   police officers") (citing Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432,

5   435 (10th Cir. 1981)).

6       The Court also disagrees with redaction of information in the DOC Control Logs and

7   staffing.  As discussed earlier, Lt. Jillo's affidavit in support of non-disclosure of IA files does

8   not satisfy the Kelly test.  Therefore, the County cannot rely on official information in its

9   proposed redactions.  There is no privacy interest at stake in the DOC Control Logs.

10      The County may redact inmate names and officer witness names.  The County cannot

11  redact names of investigating officers or information contained in the DOC Control Logs and

12  staffing.  Upon disclosure, the documents will be subject to a "super-protective" order.

13                              **IV.  ORDER**

14      As described above, the Court GRANTS plaintiff's motion to compel production of

15  documents subject to protective and "super-protective" orders.  The parties have represented

16  that they will be able to agree on the terms of the two protective orders (which may well be a

17  single document setting out two levels of disclosure).  The Court ORDERS that the stipulated

18  protective orders shall be submitted for the court's approval before **Dec. 1, 2006.**

19      The Court further ORDERS:

20  1.   The County shall produce the recorded statements of plaintiff taken as part of the

21       ongoing DOC Internal Affairs investigation subject to a protective order.

22  2.   The County shall produce the recorded statement of Selena Roberts taken on September

23       9, 2005, during and as part of the ongoing DOC Internal Affairs investigation, subject to

24       a protective order.

25  3.   The County shall produce the DOC Internal Affairs investigation file respecting the

26       alleged incident and all documents contained therein.  The County may redact staffing

27       information that does not pertain to the facility where plaintiff was housed, payroll

28       information, and CJIC information for uninvolved inmates.  The County may not redact

staffing information for the facility where plaintiff was housed during the alleged incident or the DOC Classification material.  The document shall be subject to a "super-protective" order.

4.    The County shall produce the recorded statement of defendant Leonard Clark taken on April 27, 2006, during and as part of, the ongoing DOC Internal Affairs investigation. The document shall be subject to a protective order.

5.    The County shall produce the DOC Classification File.  The County may not redact any portion of the file.  The disclosed document shall be subject to a "super-protective" order.

6.    The County shall produce DOC Restricted Policies 9.01 and 9.05 subject to a "super-protective" order.

7.    The County shall produce DOC Restricted Policy 9.39 subject to a protective order.

8.    The County shall produce Clark's training file subject to a protective order.

9.    The County shall produce personnel evaluations, disciplinary records, and disciplinary decisions in Leonard Clark's personnel file.  The documents shall be subject to a protective order.

10.   The County shall produce the Internal Affairs files respecting DOC Officer "SS" and Officer "TE."  The County may redact inmate names and officer witness names. The County may not redact names of investigating officers and any information in the documents pertaining to the DOC Control Logs and staffing.  The disclosed document shall be subject to a "super-protective" order.

All documents shall be produced by **Dec. 8, 2006**.

Dated:      11/15/06

　　　　　　　　　　　　　　_/s/  Howard R. Lloyd_____
　　　　　　　　　　　　　　HOWARD R. LLOYD
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

8

**Notice will be electronically mailed to:**

Randolph Elliott Daar rdaar@mail.pier5law.com

Matthew W. Kumin matt@mattkuminlaw.com,

Michael L. Rossi michael.rossi@cco.co.scl.ca.us,

Jesse F. Ruiz jfr@robinsonwood.com, seo@robinsonwood.com; smh@robinsonwood.com

Gregory J. Sebastinelli gregory.sebastinelli@cco.co.scl.ca.us,

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**United States District Court**
For the Northern District of California