*E-filed 1/12/07*

1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   GREGORY J. SEBASTINELLI, Lead Deputy County Counsel (S.B.#104884)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding Street, East Wing, Ninth Floor
3  San Jose, California 95110-1770
   Telephone: (408) 299-5900
4

5  Attorneys for Defendants
   COUNTY OF SANTA CLARA and
6  EDWARD FLORES

7

8                         UNITED STATES DISTRICT COURT
                     FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                                  (San Jose)

10

11  MAI THI VU,                        )    No.  C-05-2605 RMW
                                       )
12          Plaintiff,                 )    **STIPULATED PROTECTIVE ORDER**
                                       )    **AS AMENDED BY THE COURT**
13  v.                                 )
                                       )
14  GILLMORE CLARK, LAURIE SMITH,      )
    SHERIFF FOR SANTA CLARA            )
15  COUNTY, SANTA CLARA COUNTY,        )
    AND DOES 1-50,                     )
16                                     )
            Defendants.                )
17  _____)

18  1.    PURPOSES AND LIMITATIONS

19        Disclosure and discovery activity in this action are likely to involve production of

20  confidential, proprietary, or private information for which special protection from public

21  disclosure and from use for any purpose other than prosecuting this litigation would be

22  warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the

23  following Stipulated Protective Order.  The parties acknowledge that this Order does not confer

24  blanket protections on all disclosures or responses to discovery and that the protection it affords

25  extends only to the limited information or items that are entitled under the applicable legal

26  principles to treatment as confidential.  The parties further acknowledge, as set forth in Section

27  10, below, that this Stipulated Protective Order creates no entitlement to file confidential

28  information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

1    and reflects the standards that will be applied when a party seeks permission from the court to

2    file material under seal.

3    2.    DEFINITIONS

4        2.1.  Party: any party to this action, including all of its officers, directors, employees,

5    consultants, retained experts, and outside counsel (and their support staff).

6        2.2.  Disclosure or Discovery Material: all items or information, regardless of the medium

7    or manner generated, stored, or maintained (including, among other things, testimony,

8    transcripts, or tangible things) that are produced or generated in disclosures or responses to

9    discovery in this matter.

10       2.3.  "Confidential" Information or Items: information (regardless of how generated,

11   stored or maintained) or tangible things that qualify for protection under standards developed

12   under F.R.Civ.P. 26(c).

13       2.4.  "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely

14   sensitive "Confidential Information or Items" whose disclosure to another Party or non-party

15   would create a substantial risk of serious injury that could not be avoided by less restrictive

16   means.

17       2.5.  Receiving Party: a Party that receives Disclosure or Discovery Material from a

18   Producing Party.

19       2.6.  Producing Party: a Party or non-party that produces Disclosure or Discovery Material

20   in this action.

21       2.7.  Designating Party: a Party or non-party that designates information or items that it

22   produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential -

23   Attorneys' Eyes Only."

24       2.8.  Protected Material: any Disclosure or Discovery Material that is designated as

25   "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

26       2.9.  Outside Counsel: attorneys who are not employees of a Party but who are retained to

27   represent or advise a Party in this action.

28       2.10.  House Counsel: attorneys who are employees of a Party.

1    2.11.  Counsel (without qualifier): Outside Counsel and House Counsel (as well as their

2    support staff).

3    2.12.  Expert: a person with specialized knowledge or experience in a matter pertinent to

4    the litigation who has been retained by a Party or its counsel to serve as an expert witness or as

5    a consultant in this action and who is not a past or a current employee of a Party or of a

6    competitor of a Party and who, at the time of retention, is not anticipated to become an

7    employee of a Party or a competitor of a Party.  This definition includes a professional jury or

8    trial consultant retained in connection with this litigation.

9    2.13.  Professional Vendors: persons or entities that provide litigation support services

10   (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

11   storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

12   3.    SCOPE

13   The protections conferred by this Stipulation and Order cover not only Protected Material

14   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

15   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

16   parties or counsel to or in court or in other settings that might reveal Protected Material.

17   4.    DURATION

18   Even after the termination of this litigation, the confidentiality obligations imposed by this

19   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

20   order otherwise directs.

21   5.    DESIGNATING PROTECTED MATERIAL

22   5.1  Exercise of Restraint and Care in Designating Material for Protection.  Each Party or

23   non-party that designates information or items for protection under this Order must take care to

24   limit any such designation to specific material that qualifies under the appropriate standards.  A

25   Designating Party must take care to designate for protection only those parts of material,

26   documents, items, or oral or written communications that qualify so that other portions of the

27   material, documents, items, or communications for which protection is not warranted are not

28   swept unjustifiably within the ambit of this Order.

1  Mass, indiscriminate, or routinized designations are prohibited. Designations that are

2  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

3  unnecessarily encumber or retard the case development process, or to impose unnecessary

4  expenses and burdens on other parties), expose the Designating Party to sanctions.

5  If it comes to a Party's or a non-party's attention that information or items that designated

6  for protection do not qualify for protection at all, or do not qualify for the level of protection

7  initially asserted, that Party or non-party must promptly notify all other parties that it is

8  withdrawing the mistaken designation.

9  5.2 Manner and Timing of Designations.  Except as otherwise provided in this Order (see,

10  e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material

11  that qualifies for protection under this Order must be clearly so designated before the material is

12  disclosed or produced.

13  Designation in conformity with this Order requires:

14  (a) for information in documentary form (apart from transcripts of depositions or

15  other pretrial or trial proceedings), that the Producing Party affix the legend

16  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top

17  of each page that contains protected material. If only a portion or portions of the material on a

18  page qualify for protection, the Producing Party also must clearly identify the protected portions

19  (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

20  level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

21  ATTORNEYS' EYES ONLY").

22  A Party or non-party that makes original documents or materials available for

23  inspection need not designate them for protection until after the inspecting Party has indicated

24  which material it would like copied and produced. During the inspection and before the

25  designation, all of the material made available for inspection shall be deemed "HIGHLY

26  CONFIDENTIAL - ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

27  the documents it wants copied and produced, the Producing Party must determine which

28  documents, or portions thereof, qualify for protection under this Order, then, before producing

1  the specified documents, the Producing Party must affix the appropriate legend

2  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the

3  top of each page that contains Protected Material. If only a portion or portions of the material

4  on a page qualify for protection, the Producing Party also must clearly identify the protected

5  portions (e.g., by making appropriate markings in the margins) and must specify, for each

6  portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

7  CONFIDENTIAL - ATTORNEYS' EYES ONLY").

8  (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

9  Party or non-party offering or sponsoring the testimony identify on the record, before the close

10  of the deposition, hearing, or other proceeding, all protected testimony, and further specify any

11  portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

12  ONLY." When it is impractical to identify separately each portion of testimony that is entitled

13  to protection, and when it appears that substantial portions of the testimony may qualify for

14  protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

15  the record (before the deposition or proceeding is concluded) a right to have up to 20 days to

16  identify the specific portions of the testimony as to which protection is sought and to specify the

17  level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

18  ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately

19  designated for protection within the 20 days shall be covered by the provisions of this Stipulated

20  Protective Order.

21  Transcript pages containing Protected Material must be separately bound by

22  the court reporter, who must   affix to the top of each such page the legend "CONFIDENTIAL"

23  or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or

24  non-party offering or sponsoring the witness or presenting the testimony.

25  (c) for information produced in some form other than documentary and for any other

26  tangible items, that the Producing Party affix in a prominent place on the exterior of the

27  container or containers in which the information or item is stored the legend

28  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only

1  portions of the information or item warrant protection, the Producing Party, to the extent

2  practicable, shall identify the protected portions, specifying whether they qualify as

3  "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

4      5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

5  designate qualified information or items as "CONFIDENTIAL" OR "HIGHLY

6  CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not, standing alone, waive the

7  Designating Party's right to secure protection under this Order for such material. If material is

8  appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

9  ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on

10  timely notification of the designation, must make reasonable efforts to assure that the material is

11  treated in accordance with the provisions of this Order.

12  6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

13      6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's

14  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

15  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

16  waive its right to challenge a confidentiality designation by electing not to mount a challenge

17  promptly after the original designation is disclosed.

18      6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's

19  confidentiality designation must do so in good faith and must begin the process by conferring

20  directly (in voice to voice dialogue; other forms of communication are not sufficient) with

21  counsel for the Designating Party. In conferring, the challenging Party must explain the basis

22  for its belief that the confidentiality designation was not proper and must give the Designating

23  Party an opportunity to review the designated material, to reconsider the circumstances, and, if

24  no change in designation is offered, to explain the basis for the chosen designation. A

25  challenging Party may proceed to the next stage of the challenge process only if it has engaged

26  in this meet and confer process first.

27      6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality

28  designation after considering the justification offered by the Designating Party may file and

1  serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

2  applicable) that identifies the challenged material and sets forth in detail the basis for the

3  challenge. Each such motion must be accompanied by a competent declaration that affirms that

4  the movant has complied with the meet and confer requirements imposed in the preceding

5  paragraph and that sets forth with specificity the justification for the confidentiality designation

6  that was given by the Designating Party in the meet and confer dialogue.

7      The burden of persuasion in any such challenge proceeding shall be on the Designating

8  Party. Until the court rules on the challenge, all parties shall continue to afford the material in

9  question the level of protection to which it is entitled under the Producing Party's designation.

10  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

11      7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or

12  produced by another Party or by a non-party in connection with this case only for prosecuting,

13  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only

14  to the categories of persons and under the conditions described in this Order. When the

15  litigation has been terminated, a Receiving Party must comply with the provisions of section 11,

16  below (FINAL DISPOSITION).

17      Protected Material must be stored and maintained by a Receiving Party at a location

18  and in a secure manner that ensures that access is limited to the persons authorized under this

19  Order.

20      7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

21  the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

22  information or item designated CONFIDENTIAL only to:

23      (a) the Receiving Party's Outside Counsel of record in this action, as well as

24  employees of said Counsel to whom it is reasonably necessary to disclose the information for

25  this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

26  attached hereto as Exhibit A;

27      (b) the officers, directors, and employees (including House Counsel) of the

28  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

1  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

2          (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is

3  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

4  Protective Order" (Exhibit A);

5          (d) the Court and its personnel;

6          (e) court reporters, their staff, and professional vendors to whom disclosure is

7  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

8  Protective Order" (Exhibit A);

9          (f) during their depositions, witnesses in the action to whom disclosure is reasonably

10  necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

11  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

12  Material must be separately bound by the court reporter and may not be disclosed to anyone

13  except as permitted under this Stipulated Protective Order.

14          (g) the author of the document or the original source of the information.

15          7.3 Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

16  Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

17  Designating Party, a Receiving Party may disclose any information or item designated

18  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

19          (a) the Receiving Party's Outside Counsel of record in this action, as well as

20  employees of said Counsel to whom it is reasonably necessary to disclose the information for

21  this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

22  attached hereto as Exhibit A;

23          (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary

24  for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

25  (Exhibit A);

26          (c) the Court and its personnel;

27          (d) court reporters, their staff, and professional vendors to whom disclosure is

28  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

1     Protective Order" (Exhibit A); and

2                 (e) the author of the document or the original source of the information.

3           7.4  Procedures for Approving; Disclosure of "HIGHLY CONFIDENTIAL -

4     ATTORNEYS' EYES ONLY" Information or Items to "Experts"

5                 (a) Unless otherwise ordered by the court or agreed in writing by the Designating

6     Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or

7     item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"

8     first must make a written request to the Designating Party that (1) identifies the specific

9     HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose

10    to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

11    primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

12    current employer(s), (5) identifies each person or entity from whom the Expert has received

13    compensation for work in his or her areas of expertise or to whom the expert has provided

14    professional services at any time during the preceding five years, and (6) identifies (by name

15    and number of the case, filing date, and location of court) any litigation in connection with

16    which the Expert has provided any professional services during the preceding five years.

17                (b) A Party that makes a request and provides the information specified in the

18    preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

19    within seven court days of delivering the request, the Party receives a written objection from the

20    Designating Party. Any such objection must set forth in detail the grounds on which it is based.

21                (c) A Party that receives a timely written objection must meet and confer with the

22    Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

23    agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert

24    may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule

25    79-5, if applicable) seeking permission from the court to do so. Any such motion must describe

26    the circumstances with specificity, set forth in detail the reasons for which the disclosure to the

27    Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

28    suggest any additional means that might be used to reduce that risk. In addition, any such

1   motion must be accompanied by a competent declaration in which the movant describes the

2   parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet

3   and confer discussions) and sets forth the reasons advanced by the Designating Party for its

4   refusal to approve the disclosure.

5          In any such proceeding the Party opposing disclosure to the Expert shall bear the

6   burden of proving that the risk of harm that the disclosure would entail (under the safeguards

7   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8   8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
         LITIGATION

9

10         If a Receiving Party is served with a subpoena or an order issued in other litigation that

11  would compel disclosure of any information or items designated in this action as

12  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the

13  Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

14  immediately and in no event more than three court days after receiving the subpoena or order.

15  Such notification must include a copy of the subpoena or court order.

16         The Receiving Party also must immediately inform in writing the Party who caused the

17  subpoena or order to issue in the other litigation that some or all the material covered by the

18  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

19  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

20  caused the subpoena or order to issue.

21         The purpose of imposing these duties is to alert the interested parties to the existence of

22  this Protective Order and to afford the Designating Party in this case an opportunity to try to

23  protect its confidentiality interests in the court from which the subpoena or order issued.  The

24  Designating Party shall bear the burdens and the expenses of seeking protection in that court of

25  its confidential material - and nothing in these provisions should be construed as authorizing or

26  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

27  9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

28         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

1  Material to any person or in any circumstance not authorized under this Stipulated Protective

2  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

3  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

4  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms

5  of this Order, and (d) request such person or persons to execute the "Acknowledgment and

6  Agreement to Be Bound" that is attached hereto as Exhibit A.

7  10.  FILING PROTECTED MATERIAL

8  Without written permission from the Designating Party or a court order secured after

9  appropriate notice to all interested persons, a Party may not file in the public record in this

10  action any Protected Material.  A Party that seeks to file under seal any Protected Material must

11  comply with Civil Local Rule 79-5.

12  11.  FINAL DISPOSITION

13  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

14  after the final termination of this action, each Receiving Party must return all Protected Material

15  to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

16  abstracts, compilations, summaries or any other form of reproducing or capturing any of the

17  Protected Material.  With permission in writing from the Designating Party, the Receiving Party

18  may destroy some or all of the Protected Material instead of returning it. Whether the Protected

19  Material is returned or destroyed, the Receiving Party must submit a written certification to the

20  Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

21  deadline that identifies (by category, where appropriate) all the Protected Material that was

22  returned or destroyed and that affirms that the Receiving Party has not retained any copies,

23  abstracts, compilations, summaries or other forms of reproducing or capturing any of the

24  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

25  copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

26  work product, even if such materials contain Protected Material.  Any such archival copies that

27  contain or constitute Protected Material remain subject to this Protective Order as set forth in

28  Section 4 (DURATION), above.

1    12.    PRODUCTION OF DEPARTMENT OF CORRECTION DOCUMENTS

2         Notwithstanding the requirements of Section 5.2 respecting the manner of designating

3    documents through affixing the legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

4    - ATTORNEYS' EYES ONLY" to confidential, propriety, or private documents, the parties

5    hereto stipulate that the following identified DOC documents - that have been or will be

6    produced - shall be and are hereby designated as set forth below:

7              (a)    "CONFIDENTIAL" documents include those that are bate-stamped as follows:

8         VU00001 - 00102 - documents produced through Initial Disclosure;

9         VU00103 - 00627 - documents produced in response to Plaintiff's RPD, Set No. One;

10        VU00631 - 00636 - Vu recorded telephone call;

11        VU00639 - 00696 - Vu 4/21/05 recorded statement;

12        VU00699 - 00753 - Vu 2/07/06 recorded statement;

13        VU00753 - 00820 - Clark 4/27/06 recorded statement;

14        VU01663 - 01669 - Clark DOC personnel evaluations and disciplinary records, if any;

15        VU01670 - 01905 - Clark DOC Training Files;

16        VU01932 - 01938 - DOC Restricted Policy 9.39;

17        VU01939 - 01965 - Vu 10/02/04 recorded statement;

18        VU01966 - 01978 - Yvette Valles 10/01/04 recorded statement;

19        VU01979 - 02003 - Selena Roberts 9/09/05 recorded statement;

20             (b)    "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents

21   include those that are bate-stamped as follows:

22        VU00628 - 01234 - the DOC IA Investigation Report with file material attachments (and

23        consistent with the November 15 2006 court order allowing certain redactions) excepting

24        that which is identified above and designated as "CONFIDENTIAL."

25        VU01235 - 01338 - DOC Classification File;

26        VU01339 - 01580 - DOC Officer SS / DOC IA Investigative documents (and consistent

27        with the November 15 2006 court order allowing certain redactions);

28        VU01581 - 01662 - DOC Officer TE / DOC IA Investigative documents (and consistent

1   with the November 11, 2006 court order allowing certain redactions);

2   VU01906 - 01918 - DOC Restricted Policy 9.01;

3   VU01919 - 01931 - DOC Restricted Policy 9.05;

Note: The court has not reviewed VU00001-00627 or VU01966-01978 and expresses no opinion as to whether these documents qualify for a protective order. The parties must exercise good faith in making their determination, Fed.R.Civ.P. 26.

4   13.   MISCELLANEOUS

5       13.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to

6   seek its modification by the Court in the future.

7       13.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order

8   no Party waives any right it otherwise would have to object to disclosing or producing any

9   information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

10  no Party waives any right to object on any ground to use in evidence of any of the material

11  covered by this Protective Order.

12      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14

15  Dated: 11  30  06                        By: _____
                                                RANDOLPH DAAR
16
                                                Attorney for Plaintiff
17

18                                          ANN MILLER RAVEL
                                            County Counsel
19

20  Dated: 11/30/06                         By: _____
                                                GREGORY J. SEBASTINELLI
21                                              Lead Deputy County Counsel

22                                          Attorneys for Defendants
                                            COUNTY OF SANTA CLARA and
23                                          EDWARD FLORES

24

25      PURSUANT TO STIPULATION AS AMENDED IT IS SO ORDERED.

26

27  Dated: 1/12/07   _____

28                                          Howard R. Lloyd
                                            United States Magistrate Judge

TOTAL P.02

1   EXHIBIT A

2   ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3       I, _____ [print or type full name], of [print

4   or type full address], declare under penalty of perjury that I have read in its entirety and

5   understand the Stipulated Protective Order that was issued by the United States District Court

6   for the Northern District of California on [date] in the case of *Mai Thi Vu v. Gilmore Clark, et

7   al*. Case No. C-05-2605 RMW.  I agree to comply with and to be bound by all the terms of this

8   Stipulated Protective Order and I understand and acknowledge that failure to so comply could

9   expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I

10  will not disclose in any manner any information or item that is subject to this Stipulated

11  Protective Order to any person or entity except in strict compliance with the provisions of this

12  Order.

13      I further agree to submit to the jurisdiction of the United States District Court for the

14  Northern District of California for the purpose of enforcing the terms of this Stipulated

15  Protective Order, even if such enforcement proceedings occur after termination of this action.

16      I hereby appoint _____[print or type full name] of

17  _____[print or type full address and telephone number] as my

18  California agent for service of process in connection with this action or any proceedings related

19  to enforcement of this Stipulated Protective Order.

20  Date: _____

21  City and State where sworn and signed: _____

22  Printed name: _____
                    [printed name]
23

24  Signature: _____
                  [signature]
25

26

27

28  60088.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California